Gregory S. Arovas, P.C. (*pro hac vice* forthcoming)
Todd M. Friedman, P.C. (*pro hac vice* forthcoming)
Christopher DeCoro (*pro hac vice* forthcoming)
Chris T. Ilardi (*pro hac vice* forthcoming)
KIRKLAND & ELLIS LLP
601 Lexington Ave.
New York, NY 10022
(212) 446-4800
garovas@kirkland.com
tfriedman@kirkland.com
cdecoro@kirkland.com
chris.ilardi@kirkland.com

Brandon H. Brown, P.C.
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
(415) 439-1400
bhbrown@kirkland.com

Tiffany M. Knapp (*pro hac vice* forthcoming)
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500
tiffany.knapp@kirkland.com

*Attorneys for Plaintiff Red Hat, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RED HAT, INC., <br><br> Plaintiff, <br><br> v. <br><br> VALTRUS INNOVATIONS, LTD., <br><br> Defendant. | C.A. No. 5:22-cv-5289 <br><br> **COMPLAINT FOR TORTIOUS INTERFERENCE AND DECLARATORY JUDGMENT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Red Hat, Inc. ("Red Hat"), for its complaint against Defendant Valtrus Innovations, Ltd. ("Valtrus" or "Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. This action arises from Valtrus's interference with Red Hat's contractual relationships with its customers by asserting false claims of patent infringement against use and sale by these customers of Red Hat Enterprise Linux ("RHEL" or "Red Hat Enterprise Linux"). Red Hat Enterprise Linux cannot infringe its patents because, as Valtrus knows, these products are already licensed. Valtrus's false assertions to the contrary amount to a bad faith attempt to extract unwarranted licensing payments by interfering with business operations and relationships of Red Hat and its customers.

2. Moreover, even if the asserted patents were not licensed, Red Hat Enterprise Linux cannot infringe for the additional reason that it does not practice the patents asserted by Valtrus against Red Hat's customers. The infringement assertions are therefore groundless for this reason as well.

3. To remove the cloud of false accusations and uncertainty that Valtrus has cast over Red Hat's customer relationships and products, Red Hat brings this action to seek relief for tortious interference with contractual relationships and to seek a declaration resolving the concrete and immediate controversy over alleged infringement of the asserted patents by Red Hat's products.

## PARTIES

4. Plaintiff Red Hat, Inc., is a Delaware corporation with a principal place of business at 100 East Davie Street, Raleigh, North Carolina, 27601.

5. On information and belief, defendant Valtrus Innovations, Ltd., is an Irish entity organized and existing under the laws of the Republic of Ireland. The address of the registered office of Valtrus is: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 2201, 1331, 1332, 1367, 1338(a), 2201. Regarding the action for tortious interference with contractual relationships, there is diversity of citizenship and the amount in controversy exceeds $75,000. The

1  actions for declaratory judgment of non-infringement arise under federal patent law.  All of these
2  actions form part of the same case or controversy.

3  7.  Personal jurisdiction over Valtrus is appropriate here because Valtrus has purposefully
4  directed activities or transactions to this forum and has performed acts purposefully availing itself of
5  the privilege of conducting activities in this forum relating to the subject matter of this case.  Valtrus
6  has tortiously interfered with Red Hat's contractual customer relationships through conduct directed
7  at this District, including sending letters to multiple Red Hat customers located in this District
8  containing false assertions of patent infringement.  On information and belief, Valtrus's assertions
9  have included multiple instances of communications and interactions with Red Hat customers located
10 in this District, including substantive technical conversations regarding Red Hat's software and its
11 alleged infringement and substantive financial and business conversations regarding Red Hat
12 customers' use of Red Hat software.  Further, on information and belief, Valtrus obtained several of
13 the patents asserted by contracting with a Hewlett Packard entity and signatory located in this District.
14 Upon information and belief, this conduct directed at this District included an expectation by Valtrus
15 of ongoing communications and interactions with inventors of certain asserted patents who are located
16 in this District, as well as expected witnesses in this District regarding Valtrus's patent infringement
17 allegations and licensing conduct.  Red Hat's allegations are made based on reasonable investigation
18 and, to the extent necessary, can be further developed through jurisdictional discovery.

19 8.  Venue in this District is proper pursuant to 28 U.S.C. § 1391 because a substantial part
20 of the events giving rise to the dispute occurred in this District and because the Court has personal
21 jurisdiction over Valtrus, as alleged herein.

## DIVISIONAL ASSIGNMENT

23 9.  For purposes of intradistrict assignment under Civil Local Rules 3-2(c) and 3-5(b), a
24 substantial portion of the events at issue occurred in San Jose, California, in the San Jose Division.

## BACKGROUND

26 10.  Red Hat was founded in 1993 and is the world's leading provider of enterprise open
27 source solutions.  Red Hat offers a broad portfolio of software solutions, including the Linux operating

28

COMPLAINT FOR TORTIOUS INTERFERENCE                    2                    Case No. 5:22-cv-5289
AND DECLARATORY JUDGMENT

system, hybrid cloud infrastructure, middleware, agile integration, cloud-native application development, and management and automation solutions. Red Hat's offerings enable flexible, powerful IT infrastructure solutions for enterprises to work across platforms and environments and to benefit from the interoperability, workload portability, and flexibility of open source software in hybrid enterprise environments. As part of its efforts to operate transparently and responsibly, Red Hat is a leading contributor to free and open source software ("FOSS").

11. Over nearly three decades, Red Hat has grown from a handful of employees to over 20,000 employees. Red Hat has more than 100 locations in more than 40 countries. Throughout this growth, Red Hat has remained committed to the open source development model. Many of Red Hat's thousands of employees have contributed and continue to contribute to the FOSS ecosystem (including those products and/or services relevant in this action) by developing and releasing code under FOSS licenses.

12. The worldwide business community has come to trust and rely upon Red Hat's long-standing commitment to open source and transparent software development. Over 90% of Fortune 500 companies rely on Red Hat's technology in their computer systems, and Red Hat's open source solutions support the operations of every major commercial bank, healthcare provider, communication service provider, and airline, as well as many other businesses and organizations, throughout the world.

13. Red Hat's commitment to open source development is fueled by its substantial innovation in operating systems, data centers, application development, and more, all of which has led to industry recognition, including Forbes consistently ranking Red Hat as among the most innovative companies in the United States since 2012.

14. Intellectual property is an important part of Red Hat's innovation, and Red Hat engineers have submitted over 4,400 U.S. patent applications and have received over 3,400 U.S. patents.

15. Red Hat likewise respects the intellectual property rights of others. To that end, Red Hat stands by its software products and services, which are protected by the Red Hat Open Source

Assurance Program, under which Red Hat will defend and indemnify its customers against lawsuits alleging intellectual property infringement, subject to the terms of the publicly-available Open Source Assurance Agreement (attached as Exhibit 5). False claims of patent infringement, such as Valtrus's assertions discussed herein, undermine the trust and relationship between Red Hat and its customers regarding unhindered use of open source software solutions.

16. Red Hat opposes patent aggression against free and open source software. Since 2002, Red Hat has issued the Red Hat Patent Promise (attached as Exhibit 6), by which Red Hat agrees that to the extent a party makes, uses, sells, offers to sell, imports, or otherwise transfers covered free and open source software, Red Hat will not use such actions as a basis for enforcing its patents against that party. Red Hat has worked hard to discourage patent attacks against open source software, though this and a range of other initiatives. Red Hat has never used its patents offensively.

17. Red Hat Enterprise Linux is an open source, enterprise distribution of the Linux operating system made specifically for the business market. Red Hat Enterprise Linux is deployed in over 9 million physical servers (16% of all servers installed) and has evolved in tandem with information technology demands, including support for edge computing, hybrid cloud, SAP workloads, SQL servers, and containers. Red Hat Enterprise Linux runs a tremendous amount of business. For example, the software and applications running on Red Hat Enterprise Linux will touch $13 trillion of business revenue this year. And half of all new workloads in the past 24 months have been deployed on Red Hat Enterprise Linux.

18. On information and belief, Valtrus began contacting Red Hat Enterprise Linux customers in early 2021, including multiple customers located in this District. These customers contract with Red Hat and pay for subscriptions to Red Hat Enterprise Linux, which they use and rely upon for the operation of their businesses. On information and belief, these customers do not use modified or customized versions of Red Hat Enterprise Linux, but use Red Hat Enterprise Linux as it is provided by Red Hat.

19. Valtrus has accused multiple Red Hat Enterprise Linux customers of infringing the patents identified below ("Valtrus Patents") through their use of the Red Hat Enterprise Linux product for its intended functionality:

a. U.S. Patent No. 8,230,204 ("the '204 Patent," attached as Ex. 1),

b. U.S. Patent No. 7,620,984 ("the '984 Patent," attached as Ex. 2),

c. U.S. Patent No. 7,383,471 ("the '471 Patent," attached as Ex. 3), and

d. U.S. Patent No. 7,533,109 ("the '109 Patent," attached as Ex. 4).

20. On information and belief, Valtrus provided Red Hat's customers with claim charts purporting to demonstrate how at least one claim of the Valtrus Patents is allegedly infringed by Red Hat Enterprise Linux. These claim charts rely almost exclusively upon Red Hat documentation (such as Red Hat product documentation, user manuals directing the operating of Red Hat software, and Red Hat websites) and accused Red Hat Enterprise Linux functionality. The charts do not include any evidence or allegations that the customers infringe the limitations beyond their use of Red Hat Enterprise Linux as it is intended to be used, and implicitly include assertions of both direct infringement and indirect (joint and contributory) infringement by Red Hat.

21. Red Hat and its software, and accordingly also Red Hat's customers, are the beneficiaries of multiple license agreements covering the Valtrus Patents, including the Open Invention Network License ("OIN License") and other licenses entered into by the patents' previous owners, Hewlett Packard Company and Hewlett Packard Enterprise Co. ("HPE"). These licenses encumber the Valtrus Patents and limit and/or bar Valtrus from obtaining royalties from Red Hat and users of its software. On information and belief, Valtrus would have learned about licenses encumbering the Valtrus Patents during their efforts to acquire the patents.

22. On information and belief, Valtrus has asserted to multiple Red Hat customers that they need a license to the Valtrus Patents due to their use of Red Hat Enterprise Linux—with the knowledge that these assertions are false because Red Hat Enterprise Linux is already covered by licenses to which Red Hat is a party. On information and belief, Valtrus has failed to inform the Red Hat

1  customers it has contacted about these licenses, and has sought to obtain royalties to which it is not

2  entitled.

3      23.    Red Hat is contractually obligated to defend and indemnify its customers for patent

4  infringement claims by Valtrus pursuant to various contracts, including the Red Hat Open Source

5  Assurance Program and other contracts with customers.  Red Hat has already received requests for

6  indemnification as a result of Valtrus sending patent license demands to Red Hat customers.

7      24.    In addition to being covered by a license, Red Hat Enterprise Linux does not infringe

8  the Valtrus Patents and Red Hat has not induced others to infringe or contributed to the infringement

9  by others of the Valtrus Patents because the claims of the patents are not practiced by Red Hat

10  products.

11      25.    Valtrus's bad faith assertions of patent infringement against Red Hat's customers and

12  products have cast a cloud of false accusations and uncertainty over Red Hat's customer relationships

13  in the apparent hope of seeking to leverage this harm to extract undeserved payments for patents that

14  are already licensed and are in any event not infringed and have already caused damage to those

15  relationships.  Red Hat therefore brings this case to clear itself and its products and to protect its

16  customer relationships from Valtrus's false assertions.

## COUNT I
## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

26.    Red Hat realleges and incorporates paragraphs 1 to 25 as if fully set forth herein.

27.    Red Hat has maintained valid contracts with its customers regarding its Red Hat Enterprise Linux product.

28.    On information and belief, Valtrus had knowledge of the existence of these valid contracts between Red Hat and its customers.  For example, Valtrus has contacted multiple Red Hat customers regarding their use and/or sale of Red Hat Enterprise Linux, including multiple customers located in this District.  On information and belief, Valtrus is aware that Red Hat's customers purchase, resell, subscribe to, and/or use Red Hat Enterprise Linux under contracts with Red Hat.

29.    Valtrus knew that accusing Red Hat Enterprise Linux customers of infringement via their use and/or sale of Red Hat Enterprise Linux would necessarily cause interference with and

disruption of Red Hat's contractual relationship with its customers, including at least pursuant to the Red Hat Open Source Assurance Program as well as with Red Hat's ongoing subscription-based products.

30. Valtrus has sent numerous letters to Red Hat customers that assert infringement of several Valtrus patents against Red Hat Enterprise Linux. These assertions were made in bad faith despite, on information and belief, Valtrus knowing that Red Hat Enterprise Linux is already subject to multiple licenses encumbering the Valtrus patents and without Valtrus informing said customers of any such license. This has been done in an apparent attempt by Valtrus to leverage the harm to Red Hat's customer relationships in order to extract undeserved licensing payments.

31. Valtrus's conduct has interfered with Red Hat's contractual relationships with its customers and has harmed Red Hat, including by introducing false accusations and uncertainty into Red Hat's relationship and reputation with its customers and into customers' trust in Red Hat's long-standing commitment to open source and transparent software development. As a result of Valtrus's assertions, Red Hat has already received indemnity requests from customers, which have and will continue to lead to customers questioning the value of Red Hat's products relative to other products. This makes Red Hat's performance under its contracts more costly and burdensome, including expenses already incurred by Red Hat for internal investigation regarding the claims made by Valtrus.

**COUNT II**
**DECLARATORY JUDGMENT OF NONINFRINGEMENT OF**
**U.S. PATENT NO. 8,230,204**

32. Red Hat realleges and incorporates paragraphs 1 to 31 as if fully set forth herein.

33. Valtrus Innovations, Ltd. is the owner of the '204 Patent, entitled "Migration of system images." The '204 Patent issued on July 24, 2012.

34. As detailed above, Valtrus has sent patent assertion letters to multiple Red Hat Enterprise Linux customers, including multiple customers located in this District, alleging that Red Hat's customers require a license to the '204 Patent for their use and/or resale of Red Hat Enterprise Linux.

35. On information and belief, Valtrus has provided multiple Red Hat Enterprise Linux customers with a claim chart purporting to demonstrate how claim 1 of the '204 Patent is allegedly infringed by Red Hat Enterprise Linux. On information and belief, these claim charts rely almost entirely upon citations to Red Hat documents. Red Hat is also subject to indemnification obligations to its customers in connection with Valtrus's infringement assertions. There is thus a concrete and immediate controversy between Valtrus and Red Hat regarding alleged infringement of the '204 Patent by Red Hat products.

36. The use and distribution of Red Hat Enterprise Linux is licensed under the '204 Patent. Thus, the use and distribution of Red Hat Enterprise Linux, to the extent it allegedly practices the claims of the '204 Patent, does not infringe the '204 Patent because it is authorized and licensed.

37. Further, Red Hat Enterprise Linux (including Red Hat OpenShift and related products) does not infringe the '204 Patent and Red Hat has not contributed to or induced infringement of the '204 Patent for the additional reason that Red Hat products to not practice the limitations of the '204 patent. By way of example, neither Red Hat nor Red Hat Enterprise Linux has infringed any claim of the '204 Patent (under any sub-section of 35 U.S.C. § 271) because Red Hat Enterprise Linux does not "paus[e] operation of the process using hibernation semantics," as required by all the claims of the '204 Patent.

38. To resolve the controversy between the parties, Red Hat seeks a judicial declaration that Red Hat Enterprise Linux does not infringe any claim of the '204 Patent because Red Hat Enterprise Linux is authorized and licensed under the '204 Patent and because Red Hat Enterprise Linux does not practice any claim of the '204 Patent.

**COUNT III**
**DECLARATORY JUDGMENT OF NONINFRINGEMENT OF**
**U.S. PATENT NO. 7,620,984**

39. Red Hat realleges and incorporates paragraphs 1 to 38 as if fully set forth herein.

40. Valtrus Innovations Ltd., is the owner of the '984 Patent, entitled "Method of managing computer system." The '984 Patent issued on November 11, 2009.

41. As detailed above, Valtrus has sent patent assertion letters to multiple Red Hat Enterprise Linux customers, including multiple customers located in this District, alleging that Red Hat's customers require a license to the '984 Patent for their use and/or resale of Red Hat Enterprise Linux.

42. On information and belief, Valtrus has provided multiple Red Hat Enterprise Linux customers with a claim chart purporting to demonstrate how claim 1 of the '984 Patent is allegedly infringed by Red Hat Enterprise Linux. On information and belief, these claim charts rely almost entirely upon citations to Red Hat documents. Red Hat is also subject to indemnification obligations to its customers in connection with Valtrus's infringement assertions. There is thus a concrete and immediate controversy between Valtrus and Red Hat regarding alleged infringement of the '984 Patent by Red Hat products.

43. The use and distribution of Red Hat Enterprise Linux is licensed under the '984 Patent. Thus, the use and distribution of Red Hat Enterprise Linux, to the extent it allegedly practices the claims of the '984 Patent, does not infringe the '984 Patent because it is authorized and licensed.

44. Further, Red Hat Enterprise Linux (including Red Hat OpenShift and related products) does not infringe the '984 Patent and Red Hat has not contributed to or induced infringement of the '984 Patent for the additional reason that Red Hat products to not practice the limitations of the '984 patent. By way of example, neither Red Hat nor Red Hat Enterprise Linux has infringed any claim of the '984 Patent (under any sub-section of 35 U.S.C. § 271) because Red Hat Enterprise Linux does not comprise a "module modifying access control provided by the virtual machine monitor," as required by all the claims of the '984 Patent.

45. To resolve the controversy between the parties, Red Hat seeks a judicial declaration that Red Hat Enterprise Linux does not infringe any claim of the '984 Patent because Red Hat Enterprise Linux is authorized and licensed under the '984 Patent and because Red Hat Enterprise Linux does not practice any claim of the '984 Patent.

# COUNT IV
# DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 7,383,471

46. Red Hat realleges and incorporates paragraphs 1 to 45 as if fully set forth herein.

47. Valtrus Innovations Ltd. is the owner of the '471 Patent, entitled "Diagnostic memory dumping." The '471 Patent issued on June 3, 2008.

48. As detailed above, Valtrus has sent patent assertion letters to multiple Red Hat Enterprise Linux customers, including multiple customers located in this District, alleging that Red Hat's customers require a license to the '471 Patent for their use and/or resale of Red Hat Enterprise Linux.

49. On information and belief, Valtrus has provided multiple Red Hat Enterprise Linux customers with a claim chart purporting to demonstrate how claim 1 of the '471 Patent is allegedly infringed by Red Hat Enterprise Linux. On information and belief, these claim charts rely almost entirely upon citations to Red Hat documents. Red Hat is also subject to indemnification obligations to its customers in connection with Valtrus's infringement assertions. There is thus a concrete and immediate controversy between Valtrus and Red Hat regarding alleged infringement of the '471 Patent by Red Hat products.

50. The use and distribution of Red Hat Enterprise Linux is licensed under the '471 Patent. Thus, the use and distribution of Red Hat Enterprise Linux, to the extent it allegedly practices the claims of the '471 Patent, does not infringe the '471 Patent because it is authorized and licensed.

51. Further, Red Hat Enterprise Linux (including Red Hat OpenShift and related products) does not infringe the '471 Patent and Red Hat has not contributed to or induced infringement of the '471 Patent for the additional reason that Red Hat products to not practice the limitations of the '471 patent. By way of example, neither Red Hat nor Red Hat Enterprise Linux has infringed any claim of the '471 Patent (under any sub-section of 35 U.S.C. § 271) because Red Hat Enterprise Linux does not "copy[] contents of a memory of the computer to a persistent storage device in response to [a] memory dump request," as required by all the claims of the '471 Patent.

52. To resolve the controversy between the parties, Red Hat seeks a judicial declaration that Red Hat Enterprise Linux does not infringe any claim of the '471 Patent because Red Hat Enterprise Linux is authorized and licensed under the '471 Patent and because Red Hat Enterprise Linux does not practice any claim of the '471 Patent.

**COUNT V**
**DECLARATORY JUDGMENT OF NONINFRINGEMENT OF**
**U.S. PATENT NO. 7,533,109**

53. Red Hat realleges and incorporates paragraphs 1 to 52 as if fully set forth herein.

54. Valtrus Innovations Ltd. is the owner of the '109 Patent, entitled "System and method of providing reservation masks within a compute environment."  The '109 Patent issued on May 12, 2009.

55. As detailed above, Valtrus has sent patent assertion letters to multiple Red Hat Enterprise Linux customers, including multiple customers located in this District, alleging that Red Hat's customers require a license to the '109 Patent for their use and/or resale of Red Hat Enterprise Linux.

56. On information and belief, Valtrus has provided multiple Red Hat Enterprise Linux customers with a claim chart purporting to demonstrate how claim 16 of the '109 Patent is allegedly infringed by Red Hat Enterprise Linux.  On information and belief, these claim charts rely almost entirely upon citations to Red Hat documents.  Red Hat is also subject to indemnification obligations to its customers in connection with Valtrus's infringement assertions.  There is thus a concrete and immediate controversy between Valtrus and Red Hat regarding alleged infringement of the '109 Patent by Red Hat products.

57. The use and distribution of Red Hat Enterprise Linux is licensed under the '109 Patent. Thus, the use and distribution of Red Hat Enterprise Linux, to the extent it allegedly practices the claims of the '109 Patent, does not infringe the '109 Patent because it is authorized and licensed.

58. Further, Red Hat Enterprise Linux (including Red Hat OpenShift and related products) does not infringe the '109 Patent and Red Hat has not contributed to or induced infringement of the '109 Patent for the additional reason that Red Hat products to not practice the limitations of the '109

patent. By way of example, neither Red Hat nor Red Hat Enterprise Linux has infringed any claim of the '109 Patent (under any sub-section of 35 U.S.C. § 271) because Red Hat Enterprise Linux does not comprise executable instructions that "defin[e] a length of time for action on a particular [computing device operational] item and review[] the time information [of] the particular item to determine whether the length of time for action has passed or will pass while the particular item is in the queue in which it is positioned and therefore the particular item should be discarded," as required by all the claims of the '109 Patent.

59. To resolve the controversy between the parties, Red Hat seeks a judicial declaration that Red Hat Enterprise Linux does not infringe any claim of the '109 Patent because Red Hat Enterprise Linux is authorized and licensed under the '109 Patent and because Red Hat Enterprise Linux does not practice any claim of the '109 Patent.

## JURY DEMAND

Pursuant to Civ. L.R. 3-6 and Fed. R. Civ. P. 38, Red Hat requests trial by jury for all causes of action, claims, or issues in this action that are so triable.

## REQUEST FOR RELIEF

WHEREFORE, Red Hat respectfully requests the Court to enter judgment in its favor and against the Defendant as follows:

1. Judgment that Defendant is liable for tortious interference with contractual relationships between Red Hat and its customers;

2. Damages in an amount to be determined at trial;

3. Punitive damages in an amount to be determined at trial;

4. Injunctive relief, including an order prohibiting Defendants and their officers, employees or agents from (1) asserting that Red Hat or its customers infringe the Valtrus Patents or any other patent; and (2) taking any action to suggest that Red Hat or its customers require a license from Defendant for use of the Valtrus Patents or any other patent.

5. A declaration that neither Red Hat nor its products and/or services have infringed or do infringe under 35 U.S.C. § 271 any claim of the Valtrus Patents;

      6.      Declaring this to be an exceptional case within the meaning of 35 U.S.C. § 285;

      7.      For an award of costs and reasonable attorneys' fees incurred in connection with this action; and

      8.      For such other and further relief as the Court deems just and proper.

DATED: September 16, 2022          Respectfully Submitted,

*/s/ Brandon H. Brown, P.C.*
Gregory S. Arovas, P.C. (*pro hac vice* forthcoming)
Todd M. Friedman, P.C. (*pro hac vice* forthcoming)
Christopher DeCoro (*pro hac vice* forthcoming)
Chris T. Ilardi (*pro hac vice* forthcoming)
KIRKLAND & ELLIS LLP
601 Lexington Ave.
New York, NY 10022
(212) 446-4800
garovas@kirkland.com
tfriedman@kirkland.com
cdecoro@kirkland.com
chris.ilardi@kirkland.com

Brandon H. Brown, P.C.
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
(415) 439-1400
bhbrown@kirkland.com

Tiffany M. Knapp (*pro hac vice* forthcoming)
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500
tiffany.knapp@kirkland.com

*Attorneys for Plaintiff Red Hat, Inc.*