1    Matthew G. Berkowitz (SBN 310426)
     SHEARMAN & STERLING LLP
2    1460 El Camino Real, 2nd Floor
     Menlo Park, CA 94025
3    Telephone: 650.838.3600
     Fax: 650.838.3699
4    Email: matthew.berkowitz@sheaman.com

5

6    Thomas R. Makin (admitted *Pro Hac Vice*)
     David J. Cooperberg (admitted *Pro Hac Vice*)
     SHEARMAN & STERLING LLP
7    599 Lexington Avenue
     New York, NY 10022
8    Telephone: 212.848.4000
     Email: thomas.makin@shearman.com
9            david.cooperberg@shearman.com

10

11    L. Kieran Kieckhefer (SBN 251978)
     SHEARMAN & STERLING LLP
12    535 Mission Street, 25th Floor
     San Francisco, CA 94105
13    Telephone: 415.616.1100
     Fax: 415.616.1339
14    Email: kieran.kieckhefer@shearman.com

15    *Attorneys for Defendant*

16

17                 **UNITED STATES DISTRICT COURT**

18              **NORTHERN DISTRICT OF CALIFORNIA**

19

| | |
|---|---|
| RED HAT, INC., | Case No.: 4:22-cv-05289-YGR |
|          Plaintiff, | **Hon. Judge Yvonne Gonzalez Rogers** |
|            v. | **DECLARATION OF ANGELA QUINLAN IN SUPPORT OF VALTRUS INNOVATION, LTD.'S MOTION TO DISMISS UNDER RULES 12(B)(2) AND 12(B)(6)** |
| VALTRUS INNOVATIONS, LTD., | |
|          Defendant. | |
| | Date:      Jan. 17,, 2023 |
| | Time:     2:00 p.m. |
| | Location: Courtroom 1 – 4TH FLOOR |

- 1 -

I, Angela Quinlan, declare as follows,

1. I make this declaration based upon my personal knowledge and my investigation of the facts below. If called as a witness, I could and would testify competently to the matters set forth herein. I submit this declaration in support of Valtrus Innovations, Ltd.'s ("Valtrus") Motion to Dismiss pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure in the above-captioned action.

2. I have been the Managing Member of Valtrus since 23 October 2020, and I am Managing Director of Key Patent Innovations, Ltd. ("KPI") its parent entity. I reside in Wicklow, Ireland.

3. Valtrus is an Irish entity duly organized and existing under the laws of the Republic of Ireland. Valtrus's principal place of business is at The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

4. Valtrus's other board members are Máiréad Lyons and Glen Gibbons, who both reside in Ireland; Paul Riley, who resides in Pennsylvania; and Paul Seaman, who resides in New Jersey.

5. Valtrus has no employees in the United States.

6. Valtrus is not registered to conduct business in California; does not have a registered agent for service of process in California; does not have offices, employees, Board Members, service providers (other than lawyers), contractors, equipment, bank accounts, or other assets in California; is not subject to and has never paid taxes in California; does not manufacture or sell products in California; has never granted a post-acquisition license of any patent at issue in the above-captioned case to a resident of this district; has not conducted live, in-person meetings in this district concerning any of its patents; has not entered into California for any business reason, including for the purpose of signing contracts; does not recruit employees in California; and does not own, lease, or rent any property in California.

7. Further, no lawsuit has ever been filed by Valtrus in California for any reason.

QUINLAN DECLARATION IN SUPPORT OF VALTRUS'S MOTION   CASE NO.: 4:22-cv-05289-YGR
TO DISMISS COMPLAINT UNDER RULES 12(B)(2) AND 12(B)(6)

8. Valtrus's only lawsuit in the United States is a patent infringement litigation filed by Valtrus against Google LLC in the District Court for the Northern District of Texas, Case No. 3:22-cv-00066.

9. Valtrus is a wholly-owned subsidiary of KPI (another Irish entity having a principal place of business at The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland). KPI also has no employees in the United States.

10. KPI contracts with Patent Platform Services LLC ("PPS")—a Delaware entity with a principal place of business in Frisco, Texas—to provide patent licensing consulting services to Valtrus.

11. As of Red Hat's filing of its Complaint in the above-captioned action, Valtrus had no communications of any kind with Red Hat in this, or any other, district. Valtrus has never participated in any live in-person meetings with Red Hat.

12. To Valtrus' knowledge, Valtrus has not participated in any live in-person meetings with any of Red Hat's customers in this district.

13. Valtrus has had no contact with the inventors of any Valtrus Patents identified in paragraph 19 of the Red Hat Complaint, or with "expected witnesses in this District regarding Valtrus's patent infringement allegations and licensing conduct," as alleged in paragraph 7 of Red Hat's complaint. As of Red Hat's filing of its Complaint in the above-captioned action, and through to the present date, Valtrus has not brought any actions in this, or any other district, for infringement of any of the patents that Red Hat identifies in its Complaint.

14. Valtrus acknowledges—based at least on the above facts—that personal jurisdiction over Valtrus in this matter would be proper in Texas.

15. Valtrus has no knowledge of whether any Red Hat customer in California has opted into Red Hat's "Open Source Assurance Agreement."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

1    Executed this 6th day of December, 2022, in Wicklow, Ireland.

2

                                           Angela Quinlan

3

---

3