Matthew G. Berkowitz (SBN 310426)
SHEARMAN & STERLING LLP
1460 El Camino Real, 2nd Floor
Menlo Park, CA 94025
Telephone: 650.838.3600
Fax: 650.838.3699
Email: matthew.berkowitz@sheaman.com

Thomas R. Makin (admitted *Pro Hac Vice*)
David J. Cooperberg (admitted *Pro Hac Vice*)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022
Telephone: 212.848.4000
Email: thomas.makin@shearman.com
        david.cooperberg@shearman.com

L. Kieran Kieckhefer (SBN 251978)
SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: 415.616.1100
Fax: 415.616.1339
Email: kieran.kieckhefer@shearman.com

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RED HAT, INC., <br><br> Plaintiff, <br><br> v. <br><br> VALTRUS INNOVATIONS, LTD., <br><br> Defendant. | Case No.: 4:22-cv-05289-YGR <br><br> **Hon. Judge Yvonne Gonzalez Rogers** <br><br> **DECLARATION OF ANGELA QUINLAN IN SUPPORT OF RED HAT, INC'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER VALTRUS INNOVATION, LTD.'S MATERIAL SHOULD BE SEALED** |

- 1 -

QUINLAN DECLARATION IN SUPPORT OF RED HAT'S
ADMINISTRATIVE MOTION TO CONSIDER WHETHER VALTRUS'S
MATERIAL SHOULD BE SEALED

CASE NO.: 4:22-cv-05289-YGR

I, Angela Quinlan, declare as follows,

1.   I have been the Managing Member of Valtrus since its founding, and I am Managing Director of Key Patent Innovations, Ltd. ("KPI") its parent entity.  I reside in Wicklow, Ireland.

2.   Pursuant to Civil Local Rules 79-5(f)(3), I make this declaration based upon my personal knowledge and my investigation of the facts below. If called as a witness, I could and would testify competently to the matters set forth herein. I submit this declaration in the above-captioned action in support of Red Hat Inc.'s ("Red Hat") Administrative Motion to Consider Whether Valtrus Innovations, Ltd.'s ("Valtrus") Material Should be Sealed (Dkt. No. 45).

3.   The material that is the subject matter of Red Hat's administrative motion provides summaries of, and/or otherwise discloses information contained in, documents that have been produced by Valtrus under the designation "Highly Confidential – Outside Attorneys' Eyes Only" under this Court's default Stipulated Protective Order For Litigation Involving Patents, Highly Sensitive Confidential Information And/Or Trade Secrets.

4.   In particular, Valtrus respectfully requests that the following material in the parties' Joint Letter dated January 27, 2023 (redacted public version at Dkt. No. 46) be maintained under seal:

| Document | Portion to Be Sealed | Confidential Information in the Document |
|---|---|---|
| Joint Letter dated January 27, 2023 | page 1, lines 10-19 page 1, lines 21-22 | Identification of, and communications with, potential licensees of Valtrus, as well as information concerning Valtrus's licensing negotiation strategy and tactics. |
| | page 2, lines 8-11 | Information concerning confidential patent acquisition negotiations. |
| | page 2, lines 19-21 | Individually negotiated terms of confidential agreements with HPE. |
| | page 2, lines 37-38 | Information concerning Valtrus's licensing negotiation strategy and tactics and how it uses its personnel. |

QUINLAN DECLARATION IN SUPPORT OF RED HAT'S
ADMINISTRATIVE MOTION TO CONSIDER WHETHER VALTRUS'S
MATERIAL SHOULD BE SEALED

CASE NO.: 4:22-cv-05289-YGR

1    5.  It is my understanding that the applicable legal standard for maintaining the above

2  material under seal requires only a particularized showing of "good cause" under Federal Rule of

3  Civil Procedure 26(c) because the Joint Letter dated January 27, 2023 is directed at a discovery

4  dispute, that is not case dispositive. *See Apple, Inc. v. Samsung Electronics, Co., Ltd.*, 727 F.3d

5  1214 (Fed. Cir. 2013) ("[T]he Ninth Circuit has carved out an exception to the presumption of

6  access to judicial records for judicial records filed under seal when attached to a non-dispositive

7  motion. Under the exception … a particularized showing of 'good cause' under Federal Rule of

8  Civil Procedure 26(c) is sufficient to preserve the secrecy of sealed discovery documents."

9  (cleaned up)).

10    6.  Good cause exists for sealing the above narrowly-tailored information, and I am not

11  aware of a less restrictive alternative to sealing that would be sufficient. This material is highly

12  confidential and contains competitively sensitive information, including without limitation, the

13  identity of, and communications with, potential licensees of Valtrus identified through internal,

14  non-public investigation whom Valtrus then strategically pursues or not; Valtrus's licensing

15  negotiation strategies and tactics; confidential patent acquisition negotiations with HPE; and

16  specific, individually negotiated terms of confidential patent acquisition agreements with HPE.

17    7.  This information, which Valtrus keeps confidential, details Valtrus business

18  operations that are not known to the public.  If this information were publicly disclosed, it could

19  adversely impact Valtrus's current and prospective business relationships and plans, and cause it

20  competitive harm, including by putting Valtrus at a commercial disadvantage in on-going and

21  future licensing negotiations with the identified parties and—in particular—with other third

22  parties should they become aware, and in future patent acquisition negotiations integral to

23  Valtrus's business operations.  For these reasons, this information constitutes trade secrets.

24    8.  It is my understanding that this is the type of information that courts typically seal.

25  *See, e.g., Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978) (protecting "sources of business

26  information that might harm a litigant's competitive standing"); *In re Apple Inc Device

27  Performance Litig.*, 2019 U.S. Dist. LEXIS 68121, at *19 (N.D. Cal. Apr. 22, 2019) ("Courts

28  applying the compelling reasons standard have upheld the sealing of *trade secrets, marketing*

2

QUINLAN DECLARATION IN SUPPORT OF RED HAT'S         CASE NO.: 4:22-cv-05289-YGR
ADMINISTRATIVE MOTION TO CONSIDER WHETHER VALTRUS'S
MATERIAL SHOULD BE SEALED

*strategies*, product development plans, detailed product-specific financial information, *customer information*, internal reports and other such materials that could harm a party's competitive standing." (emphasis added)); *In re Google Location History Litig.*, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. 2021) (same); *Krieger v. Atheros Communs., Inc.*, 2011 U.S. Dist. LEXIS 68033, at *3-4 (N.D. Cal. June 25, 2011) (granting sealing request of "long-term financial projections, discussions of *business strategy*, and competitive analyses" (emphasis added)); *Xilinx, Inc. v. Papst Licensing GMBH & Co. KG*, No. 14-CV-04963-LHK, 2015 U.S. Dist. LEXIS 172266, at *3-4 (N.D. Cal. Dec. 28, 2015) (granting sealing request as to non-public portions of a "Licensing Candidate Overview Slide" and a "Patent Purchase Agreement" even under the more stringent "compelling reasons" standard).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 3rd day of February, 2023, in Wicklow, Ireland.

Angela Quinlan

---

QUINLAN DECLARATION IN SUPPORT OF RED HAT'S
ADMINISTRATIVE MOTION TO CONSIDER WHETHER VALTRUS'S
MATERIAL SHOULD BE SEALED

CASE NO.: 4:22-cv-05289-YGR